IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| AREDIA and ZOMETA PRODUCTS | ) |
| LIABILITY LITIGATION | ) |
| | ) |
| This Document Relates to: | ) |
| Case No. 3:06-0377 (Thomas) | ) |
| Case No. 3:06-0381 (Hogan) | ) NO. 3:06-MD-1760 |
| Case No. 3:06-0521 (Brodie) | ) JUDGE CAMPBELL |
| Case No. 3:06-0550 (White) | ) |
| Case No. 3:06-0659 (Crews) | ) |
| Case No. 3:08-0068 (Fussman) | ) |
| Case No. 3:08-0069 (Forman) | ) |
| Case No. 3:08-0071 (Deutsch) | ) |
| Case No. 3:08-1157 (Anderson) | ) |
| Case No. 3:08-1156 (Melau) | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment Based on Failure

of General Causation Proof under *Daubert* (Docket No. 2374). The Court held a hearing on July

27, 2009. For the reasons stated herein, Defendant's Motion is DENIED.

Defendant contends that it is entitled to summary judgment because Plaintiffs cannot

establish an essential element of their causes of action, that being causation. Defendant argues that

Plaintiffs must establish causation through expert testimony and they cannot because their experts'

general causation opinions are inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

509 U.S. 579, 113 S.Ct. 2786 (1993) and Fed. R. Evid. 702. Therefore, the Court must first address

whether Plaintiffs' general causation experts should be excluded for purposes of summary judgment.

Rule 702 provides:

1

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

A trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert*, 113 S.Ct. at 2795. This requirement entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied properly to the facts in issue. *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 478 (6th Cir. 2008); *Bland v. Verizon Wireless, LLC*, 538 F.3d 893, 896 (8th Cir. 2008).

Under *Daubert*, the proponent of an expert witness must demonstrate that (1) the witness is qualified by knowledge, skill, experience, training or education, (2) the testimony of that expert witness is relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue, and (3) the testimony of that expert witness is reliable. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).[1]

---

[1] The Court in *Daubert* identified several factors that may bear on the inquiry, but it took care to emphasize that the inquiry is a flexible one. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001). The trial court must consider whether the factors are reasonable measures of reliability in a given case. *Id.* Those factors are (1) whether a theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether a technique has a known or potential rate or error and the existence of standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance in a relevant scientific community. *Id.* at 251, n. 5.

The Sixth Circuit Court of Appeals has stated that "*Daubert* attempts to strike a balance between a liberal admissibility standard for relevant evidence on the one hand and the need to exclude misleading 'junk science' on the other." *Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 176 (6th Cir. 2009). The Rule 702 inquiry is a flexible one, and the focus must be solely on principles and methodology, not on the conclusions they generate. *Id*. at 177. An expert who presents testimony must employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Id*.

Plaintiffs argue that their experts[2] present reliable, admissible testimony concerning general causation. They contend that Defendant is wrong about what is required to prove causation but that, even if Defendant is correct, they have the required evidence. Plaintiffs assert that they have demonstrated the existence of a genuine issue of material fact as to whether Aredia and Zometa cause or contribute to the development of ONJ.

A court must be sure not to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other. *In re Scrap Metal*, 527 F.3d at 529. The task for the Court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to unsupported speculation. *Id*. at 529-530. Rejection of expert testimony is the exception, rather than the rule. *Id*. at 530.

Defendant's and Plaintiffs' briefs convincingly demonstrate why the arguments of both sides go to the weight of the experts' testimony, not the admissibility. The parties have presented more

---

[2] Plaintiffs identify these experts as Ray, Skubitz, Vogel, Marx, Hellstein and Hanson. Docket No. 2635, p. 2.

3

than unsupported speculation on both sides of this issue as to whether Aredia and Zometa can cause ONJ. Defendant's arguments impugn the accuracy of Plaintiffs' experts' opinions but do not undermine the general scientific reliability under *Daubert*. The Court finds that Plaintiffs have satisfied their burden of establishing that their experts' general causation opinions are admissible under *Daubert* and Fed. R. Evid. 702. This is a classic jury question.

Therefore, the Court finds that Defendant's *Daubert* motion to exclude Plaintiffs' general causation experts should be denied. Having denied the request to exclude Plaintiffs' causation experts, Defendant's Motion for Summary Judgment based upon lack of general causation proof is also DENIED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4